This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                              **NO. 29,737**

**CHRISTOPHER SANCHEZ,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Neil C. Candelaria, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Santa Fe, NM
Linda Yen, Assistant Public Defender
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Defendant appeals his convictions for aggravated driving while intoxicated (refusal), speeding, and failure to maintain his lane. [RP 97-115] He contends that the evidence is insufficient to support his convictions. Our notice proposed to affirm. Defendant filed a memorandum in opposition. We are not persuaded that the analysis in our notice is incorrect and, therefore, we affirm.

**DISCUSSION**

A sufficiency of the evidence review involves a two-step process. Initially, the evidence is viewed in the light most favorable to the verdict. Then the appellate court must make a legal determination of "whether the evidence viewed in this manner could justify a finding by any rational trier of fact that each element of the crime charged has been established beyond a reasonable doubt." *State v. Apodaca*, 118 N.M. 762, 766, 887 P.2d 756, 760 (1994) (internal quotation marks and citation omitted).

Deputy Hartsock testified that he observed Defendant's vehicle speeding. [RP 98] According to the deputy's radar, Defendant was traveling 48 miles per hour in a 25 mile per hour zone. [RP 98; MIO 1] This supports Defendant's speeding conviction. Even if the correct speed limit was 35 miles per hour, as was suggested below, Defendant was still exceeding the speed limit. [RP 102-03] To the extent

Defendant argues that a "batching effect" could have undermined the accuracy of the radar equipment, [MIO 14] this argument was not made below. [RP 102]

The deputy testified that Defendant's vehicle began to move into the center or turn lane but remained half in the southbound lane and half in the turn lane for a few seconds. [RP 98] He testified that Defendant was straddling the line between the lanes for a while. [RP 98] We conclude that this evidence supports Defendant's conviction for failure to maintain his lane. Defendant downplays this evidence, suggesting in his memorandum in opposition that there was nothing untoward about his driving, [MIO 12-14] but the district court was not required to accept his view. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (filed 1998) ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject Defendant's version of the facts.").

There appears to be evidence that Defendant made a "very sudden" left turn. [RP 98] Deputy Hartsock pulled Defendant over to see if Defendant was under the influence of alcohol. Defendant smelled of alcohol, his eyes were bloodshot and watery, and he admitted to having had a beer. [RP 103] Defendant apparently had to brush the side of his vehicle to maintain his balance. [RP 103] He performed poorly on field sobriety tests, was aggressive and loud, and during the finger dexterity test

shoved his hands toward the deputy loudly saying, "can you see these?" Defendant interrupted and was sarcastic. [RP 104]

The deputy testified that he asked Defendant if he would take a breath or blood test, and Defendant did not answer. [RP 105] The deputy told him if he did not answer, he would take silence as "no." [RP 105] Defendant remained silent.

We hold that this evidence was sufficient to establish intoxication. *See State v. Notah-Hunter*, 2005-NMCA-074, ¶ 24, 137 N.M. 597, 113 P.3d 867 (holding that evidence that the defendant smelled of alcohol, had slurred speech, admitted to drinking, failed field sobriety tests, and was speeding, was sufficient to support a conviction for driving while intoxicated). Defendant downplays his repeated failures on the field sobriety tests, presenting alternative explanations other than intoxication, but the district court could reject his explanations. *See Rojo*, 1999-NMSC-001, ¶ 19.

We also hold that the evidence was sufficient to support refusal. *See State v. Fugere*, 120 N.M. 29, 34-35, 897 P.2d 216, 221-22 (Ct. App. 1995) (stating that declining a request or demand constitutes refusal). Defendant argues that at some point he agreed to take a test, [MIO 15-18] but we are unpersuaded. Even if believed, Defendant did not agree to take the test until an hour after he was stopped. [RP 113] Under *Matter of Suazo*, 117 N.M. 785, 793, 877 P.2d 1088, 1096 (1994), this was too

late to cure his earlier refusal. *Suazo* requires that a defendant's change of heart be expressed within "a very short time, never more than a matter of minutes." *Id.* Defendant also suggests that he was not given the advisory about taking the test or may not have heard the deputy offer him the test. [MIO 16-17] It was for the district court to consider these arguments and to determine the weight to give them. The court did not accept them and was not required to accept them. *See Rojo*, 1999-NMSC-001, ¶ 19.

In general, Defendant's testimony differed from the deputy's, but it was for the factfinder to consider Defendant's version of events. The fact that Defendant's testimony was different does not require a conclusion that the evidence is insufficient. *See id.* ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts.").

We affirm Defendant's convictions.

**IT IS SO ORDERED.**

 

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**RODERICK T. KENNEDY, Judge**


_____
**ROBERT E. ROBLES, Judge**